UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
NEIL SILVERMAN,                                           :
                                                          :
                                     Plaintiff,           :
                                                          :          **MEMORANDUM & ORDER**
                       -against-                          :          14-CV-6439 (DLI) (SMG)
                                                          :
UNUM GROUP, UNUM & THE PAUL                               :
REVERE LIFE INSURANCE COMPANY,                            :
                                                          :
                                     Defendants.          :
                                                          :
---------------------------------------------------------- x
**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff Neil Silverman (the "Plaintiff") commenced this action on August 28, 2014 in the Supreme Court of New York, Richmond County against insurance companies, Unum Group, Unum, and The Paul Revere Life Insurance Company (collectively the "Defendants"), who provided disability insurance coverage to Plaintiff during his employment at Chip-Tech Ltd. On October 31, 2014 Defendants timely removed this action to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1332, claiming diversity jurisdiction as Plaintiffs and Defendants reside in separate states and the amount in controversy exceeds $75,000. (*See* Notice of Removal, Dkt. Entry No. 1.)[1]

Plaintiff seeks long-term disability benefits and alleges that his claim for benefits was calculated improperly and then terminated early. (Compl. ¶¶ 20-22, Dkt. Entry No. 6.) Specifically, the complaint alleges that Defendants: (1) breached their contract with Plaintiff's employer; (2) breached their contract with Plaintiff; and (3) breached their implied covenant of good faith and fair dealing with Plaintiff. (*Id.* ¶¶ 24-47.) Defendants move to dismiss the

---
[1] The notice of removal, while filed in this Court, requested removal to the United States District Court for New Jersey where apparently defense counsel's offices are located. There is no other connection to New Jersey. No party objected to the case remaining in this Court.

complaint, arguing that Plaintiff's claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. (2006), and that Plaintiff's requests for damages are not permitted by ERISA. (Mem. of Law in Supp. of Defs.' Mot. to Dismiss at 1 ("Defs.' Mem."); Dkt. Entry No. 7.) Plaintiff opposes contending that ERISA does not apply to the plan because: 1) Plaintiff is not considered an employee under ERISA; 2) the plan is a "top hat plan;" and 3) the plan falls under the safe harbor provision. (*See generally* Mem. of Law in Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n"), Dkt. Entry No. 9.) In the alternative, Plaintiff seeks leave to file an amended complaint alleging a cause of action under ERISA. (Pl.'s Opp'n at 6-7.) Defendants do not oppose Plaintiff filing an amended complaint. (Mem. of Law in Further Supp. of Defs.' Mot. to Dismiss ("Defs.' Reply") at 3, Dkt. Entry No. 12.) For the reasons set forth below, Defendants' motion is granted, and Plaintiff is granted leave to file an amended complaint NO LATER THAN August 30, 2015.

**BACKGROUND**

Plaintiff was part owner and employee of Chip-Tech Ltd. (Pl.'s Opp'n at 2.) Plaintiff owned fifteen percent of Chip-Tech Ltd. and his siblings, Robert Silverman and Ivy Raffe, owned seventy and fifteen percent of Chip-Tech Ltd., respectively. (*Id.*) On or about April 1, 1993, Plaintiff's company obtained a long-term disability insurance policy ("the plan") from Defendants that covered only the three owners of the company. (*Id.*; Compl. ¶ 11; Participating Employer Application attached as Exhibit A to Defs.' Reply.) The plan, bearing number 54685, stated that, should Plaintiff become disabled, Defendants would provide disability income in the amount of $5,000 per month until Plaintiff reached the age of 65. (Compl. ¶ 11.) Plaintiff complied fully with the plan terms. (*Id*. ¶ 12.)

In or around October 2009, Plaintiff injured his neck and back as a result of lifting

heavy objects on the job. (*Id.* ¶ 15.) After Plaintiff was injured, Defendants determined that Plaintiff was disabled and began making payments to Plaintiff under the plan in or about February 2011. (*Id.* ¶¶ 18-19.) However, according to Plaintiff, Defendants miscalculated Plaintiff's income and made lower payments to Plaintiff than he was entitled to receive. (*Id.* ¶ 20.) Defendants then ceased making payments to Plaintiff altogether in August 2013. (*Id.* ¶ 21.) Plaintiff remains disabled and claims that Defendants owe him $5,000 per month, minus any amount Defendants paid to Plaintiff and any amount Plaintiff received in monthly benefits such as social security and worker's compensation, from October 2009 to the present and continuing until Plaintiff is no longer disabled or turns 65 years old. (*Id.* ¶¶ 23, 35-36.)

## DISCUSSION

### I. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a defendant may move for dismissal of a complaint, in lieu of an answer, for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To determine whether dismissal is appropriate, "a court must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id.* Moreover, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." *Id.* at 1950 (internal citations and quotation marks omitted).

Generally, consideration of a Rule 12(b)(6) motion to dismiss is limited to the complaint itself. *Faulkner v. Beer*, 463 F. 3d 130, 134 (2d Cir. 2006). However, "[c]onsideration of materials outside the complaint is not entirely foreclosed." *Id.* A court may consider statements and documents "incorporated in [the complaint] by reference," *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F. 2d 42, 47 (2d Cir. 1991), as well as documents "integral" to the complaint, without converting a motion to dismiss into one for summary judgment.[2] *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F. 3d 69, 72 (2d Cir. 1995).

II. **Plaintiff's Long-Term Disability Insurance Policy is an ERISA Plan because Plaintiff is an Employee under ERISA**

Pursuant to 29 U.S.C. § 1002, an ERISA plan is defined as either an "employee welfare benefit plan," or an "employee pension benefit plan," or a plan that is both. An "employee welfare benefit plan" is one that is:

> [E]stablished or maintained by an employer or by an employee organization . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) . . . benefits in the event of sickness, accident, disability, death or unemployment . . . .

*Id.* § 1002(1). To qualify as an ERISA plan, the plan "must provide benefits to at least one employee." *Rand v. Equitable Life Assur. Soc. of U.S.*, 49 F. Supp. 2d 111, 116 (E.D.N.Y. 1999); *see also Private Capital Investments, LLC v. Schollard*, 2014 WL 2587721, at *4 (W.D.N.Y. June 10, 2014).

For purposes of determining whether a plan covers at least one employee, the Court cannot consider the owner of the corporation an "employee" where the corporation is "wholly owned by the individual or by the individual and his or her spouse." 29 C.F.R. § 2510.3-3. The

---

[2] Here, the plan between Plaintiff and Defendants is integral to the complaint because Plaintiff relied on its terms when drafting the complaint and all parties to the litigation were aware of and had access to it. *Chambers v. Time Warner, Inc.*, 282 F. 3d 147, 153 (2d Cir. 2002). Accordingly, the Court considers the plan without converting the instant Rule 12(b)(6) motion into one for summary judgment. *See Int'l Audiotext Network, Inc.*, 62 F. 3d at 72.

Second Circuit has not addressed whether a plan is governed by ERISA where the only participants are shareholder co-owners of a corporation who are not spouses. However, the Supreme Court offered some guidance in *Raymond B. Yates, M.D., P.C. Profit Sharing Plan v Heldon*, 541 U.S. 1 (2004). While the Supreme Court addressed the question whether a working owner could qualify as an employee participant in an ERISA pension plan that also covered other nonowner employees, and not specifically whether a plan covering only shareholder co-owners qualified as an ERISA plan, it offers guidance in interpreting the ERISA statute to determine who is covered. The Supreme Court looked solely to the statutory language and found that "ERISA's text contains multiple indications that Congress intended working owners to qualify as plan participants." *Raymond B. Yates, M.D., P.C. Profit Sharing Plan v. Hendon*, 541 U.S. 1, 12 (2004). Relying on the explicit language in ERISA regulation 29 C.F.R. § 2510.3-3, the Supreme Court held that "[p]lans that cover only sole owners or partners and their spouses . . . fall outside Title I [of ERISA]'s domain. Plans covering working owners *and* their nonowner employees, on the other hand, fall entirely within ERISA's compass."[3] *Id.* at 21 (emphasis in original).

Relying on the *Yates* decision, the Fifth Circuit applied the Supreme Court's reasoning to shareholder co-owners of a business in *Provident Life & Acc. Ins. Co. v. Sharpless*, 364 F.3d 634 (5th Cir. 2004). Looking exclusively to the ERISA regulation language, the Fifth Circuit held that shareholder co-owners were considered employees under ERISA and that their plans, therefore, were ERISA plans because the definition of an employee in ERISA excludes owners of corporations only held by one individual and his or her spouse, not multiple shareholder co-owners of a corporation. *See id.* at 639. The Fifth Circuit in reaching its decision also was

---

[3] Plaintiff's reliance on *Yates* to support his argument that the plan is not covered by ERISA is unsubstantiated as he relies on the section in *Yates* that discusses Title IV of ERISA. (Pl.'s Opp'n at 3.) Title IV of ERISA applies to pension plans only, not benefit plans like the one at issue here.

guided by Department of Labor Advisory Opinion 76-67, which "explained that a plan covering only corporate shareholders was exempt from ERISA only if the company was *wholly* owned by one shareholder or by the shareholder and his or her spouse." *Id* (citing to Dep't of Labor Advisory Opinion 76–67, 1976 WL 5082 (May 21, 1976)) (emphasis added).

The facts in the present case are closely analogous to those in *Provident Life*, and the Court finds the Fifth Circuit's reasoning persuasive. In *Provident Life*, five shareholders owned the corporation and participated in a benefit plan exclusively for the owners. Here three shareholders owned Chip-Tech Ltd. and the plan was available exclusively to them. For the ERISA exemption to apply, the corporation would need to have been owned by one person and the individual's spouse, but as Plaintiff owned Chip Tech Ltd. along with Robert Silverman and Ivy Raffe, the ERISA exemption does not apply. Therefore, Plaintiff is considered an employee under ERISA and his plan is an ERISA plan. Additionally, Plaintiff also was paid a salary and hired by the corporation, further supporting his treatment as an employee for ERISA purposes. (*See* Compl. ¶ 8.)

## III. Plaintiff's State Law Claims are Preempted by ERISA

ERISA broadly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" as defined under the statute. 29 U.S.C. § 1144(a). "Given this broad scope, ERISA will preempt even general state laws that are not directed toward benefit plans in cases where those laws would have 'a connection with or reference to' an ERISA plan." *Constas v. Highland Hosp.*, 2015 WL 1432592, at *2 (W.D.N.Y. Mar. 27, 2015) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48 (1987)). "Thus, a state law of general application, with only an indirect effect on an [ERISA] plan, may nevertheless be considered to 'relate to' that plan for preemption purposes." *Smith v. Dunham-Bush, Inc.*, 959 F.2d 6, 9 (2d Cir. 1992).

Courts in the Second Circuit have consistently held that causes of action for breach of contract and breach of the duty of good faith and fair dealing are preempted by ERISA.[4] *See, e.g., Smith*, 959 F.2d at 8 (holding that state breach of contract claim is preempted by ERISA), *Lanahan v. Mutual Life Ins. Co. of New York*, 15 F.Supp.2d 381 (S.D.N.Y. 1998) (holding that state breach of contract claim is preempted by ERISA), *Weiss v. CIGNA Health Care, Inc.*, 972 F.Supp. 748 (S.D.N.Y. 1997) (holding that state breach of the duty of good faith and fair dealing claim is preempted by ERISA).

As discussed above, Plaintiff's plan is an ERISA employee welfare benefit plan. In his complaint, Plaintiff alleges only state law breaches of contract and the duty of good faith and fair dealing. As all these claims relate to the ERISA plan, his state law claims are all preempted by ERISA. The plan even included a warning to Plaintiff that his plan may be covered by ERISA. (*See* ERISA Attachment attached as Exhibit A to Defs.' Reply.) Therefore, Defendants' motion to dismiss is granted with regard to all of Plaintiff's state law claims.

Plaintiff incorrectly asserts that ERISA preemption does not apply to his plan because it was a plan "'maintained by an employer primarily for the purpose of providing deferred compensation for a select group of highly compensated employees,'" otherwise known as a "top hat plan." (Pl.'s Opp'n at 5 (quoting 29 U.S.C. § 1051)). Top hat plans, while exempted from certain ERISA provisions, are not exempted from section 1144 of ERISA, which contains the preemption provision. *See* 29 U.S.C. § 1144, *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 114 (2d Cir. 2008) (holding that "ERISA preempts state law claims that relate to top hat plans."). Therefore, Plaintiff's plan, whether a "top hat plan" or not, is subject to the preemption clause in ERISA.

---

[4] New York State law also does not allow a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim is asserted based on the same facts. *See Harris v. Provident Life and Acc. Ins. Co.*, 310 F.3d 73, 81 (2d Cir. 2002).

Plaintiff further contends that his plan is covered under the "safe harbor" provision, 29 C.F.R. § 2510.3-1(j), because it meets all of its criteria. (*See Grimo v. Blue Cross/Blue Shield of Vermont*¸ 34 F.3d 148, 152 (2d Cir. 1994) (group health insurance plans must meet all the safe harbor provision criteria to be excluded from ERISA coverage). The safe harbor provision provides that ERISA does not apply to a group or group-type insurance program offered by an insurer to employees or members of an employee organization, where:

> (1) No contributions are made by an employer or employee organization;
> (2) Participation [in] the program is completely voluntary for employees or members;
> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j).

Plaintiff's contention is meritless. The contract of the plan clearly states that the "[e]mployer pays entire cost of plan." (Participating Employer Application at 2.) Therefore, the plan fails to meet the first criteria of the safe harbor provision. Furthermore, the plan apparently also would fail to meet the third criteria, as Chip-Tech Ltd. endorsed the plan. "[A]n employer will be said to have endorsed a [plan] . . . if, in light of all the surrounding facts and circumstances, an objectively reasonable employee would conclude . . . that the employer had not merely facilitated the program's availability but had exercised control over it or made it appear to be part and parcel of the company's own benefit package." *Sanfilippo v. Provident Life and Cas. Ins. Co.,* 178 F.Supp.2d 450, 456 (S.D.N.Y.2002) (quoting *Johnson v. Watts Regulator Co.,* 63 F.3d 1129, 1135 (1st Cir.1995)). Here, Chip-Tech Ltd. actually entered into the plan with Defendants, and the plan's terms and conditions are all directed to the "participant

employer," or Chip-Tech Ltd. (*See generally* Participating Employer Certificate, General Provisions, Premiums, Termination, and Participant Employer Application attached as Exhibit A to Defs.' Reply.) The plan's termination agreement also makes clear that Chip-Tech Ltd. had control over termination of the plan, and not the individual employees. (*See* Termination.) The plan's plain terms demonstrate that Chip-Tech Ltd. endorsed the plan. Thus, the plan also fails under the third criteria of the safe harbor provision.

## IV.     Plaintiff is Granted Leave to Amend

A participant or beneficiary is empowered under ERISA's civil enforcement scheme to bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). As Defendant does not object to Plaintiff amending his complaint to include ERISA causes of action, the Court grants Plaintiff leave to amend. The amended complaint must be filed NO LATER THAN August 30, 2015 in conformity with this Memorandum & Order.

## V.     Damages

As the Court grants Defendants' motion to dismiss, the Court declines to address the issue of damages. When Plaintiff files his amended complaint, he must include only those claims and damages permitted under ERISA.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted in its entirety. However, Plaintiff may file an amended complaint asserting any claims he may have under ERISA in conformity with this Memorandum & Order no later than August 30, 2015. The Clerk of the Court is directed not to close this case.

SO ORDERED.

Dated: Brooklyn, New York
       July 30, 2015

                                          _____/s/_____
                                          DORA L. IRIZARRY
                                      United States District Judge